UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

ANDREW BOER                                                                                       Plaintiff

v.                                                                             Civil Action No. 3:20-cv-63-RGJ

U.S. COMPOSITE PIPE SOUTH, L.L.C.                                              Defendant

\* \* \* \* \*

## SCHEDULING ORDER

The Court conducted a telephonic Federal Rule of Civil Procedure 16 scheduling conference in this matter on June 12, 2020, with the following counsel participating:

For Plaintiff:    John S. Friend

For Defendants:   Danielle J. Lewis

Based on the discussion during the conference, the Joint Status Report of the Parties' Planning Meeting [DE 13], and the Court being otherwise sufficiently advised, it is hereby **ORDERED** the following deadlines and conditions shall be observed in this action:

(1) **Fact Discovery**.

    a) Initial disclosures pursuant to Rule 26(a)(1) shall be completed no later than June 19, 2020;

    b) Any motion to amend pleadings or motion to join additional parties shall be filed no later than December 1, 2020.

    c) The parties are under a continuing duty to supplement their discovery responses whenever reasonably appropriate;

    d) Fact discovery shall be completed no later than June 1, 2021.

(2) **Expert Discovery**.

    a) Identification of experts in accordance with Rule 26(a)(2) shall be due

        i. By Plaintiff:        no later than July 1, 2021;

        ii. By Defendant:        no later than September 1, 2021;

    b) At the time expert reports and supplementation of the reports are exchanged, at least two proposed dates for the deposition of each expert witness within the following thirty days shall be provided.

    c) All discovery shall be completed by December 1, 2021.

(3) **Joint Status Report at the Close of Discovery**. By no later than December 1, 2021, the deadline for expert discovery, the parties shall file a joint status report with the Court that includes the parties' positions on mediation.

(4) **Dispositive and Expert Motions**. No later than February 1, 2022, counsel for the parties shall file all dispositive motions and any motions objecting to the admissibility of expert witness testimony under Federal Rule of Evidence 702, *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), and *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999). The party filing the last pleading in response to such motions shall notify the Court by email to the Court's Deputy, Ms. Andrea Morgan by email at andrea_morgan@kywd.uscourts.gov, with copies to opposing counsel, that the motions are ripe for decision. No extensions of time may be granted by the United States Magistrate Judge or by agreement of the parties. Applications for extensions of time will be granted by the trial judge only upon good cause shown.

(5) **Pretrial Conference**. This matter is assigned for a Pretrial Conference before the trial judge on **July 13, 2022 at 1:30 p.m.** at the Gene Snyder U.S. Courthouse, Louisville, Kentucky.

    a) No later than **twenty-one (21) days before the Pretrial Conference**, counsel shall file:

        i. a list of witnesses in accordance with the Fed. R. Civ. P. 26(a)(3). The witness lists shall specify those witnesses who will testify at the trial of this action versus those who may testify, in accord with Fed. R. Civ. P. 26(a)(3)(A) and shall identify all witnesses who will testify by deposition, specifying the portions of such deposition testimony that will be used at trial, in accord with Fed. R. Civ. P. 26(a)(3)(B). The witness lists shall also set forth the subject matter of each witness's testimony and the purpose for which such testimony is offered;

        ii. an exhibit list in accordance with the Fed. R. Civ. P. 26(a)(3). The exhibit list shall include any demonstrative and/or summary exhibits to be used at trial (including any to be used during opening statements) and shall contain a description of each exhibit in sufficient detail to permit adequate identification thereof;

        iii. any appropriate motions *in limine*;

        iv. the transcript of all evidentiary depositions to be used at trial along with any motions for ruling by the court upon any objection made in any evidentiary deposition to be used at trial on which ruling by the court is necessary prior to trial. **Any objection within any deposition**

      **which is not so raised specifically (by citation to page number and question number) for ruling by the court shall be deemed to be summarily overruled**;

  v. a pretrial memorandum brief containing a succinct statement of the facts of the case, the issues of fact to be resolved at trial, the disputed issues of law that must be resolved in connection with the trial, and a brief summary of the party's position on each disputed issue of fact or law, and;

  vi. proposed agreed jury instructions and verdict forms.  Counsel shall exchange drafts of instructions and verdict forms in advance and endeavor to agree; in the absence of agreement, separate instructions and verdict forms shall be filed, by the same deadline, including citation to supporting authorities; and

  vii. proposed *voir dire* questions for the Court's use and a joint statement of the case that may be read to the jury panel during *voir dire*.

b) **No later than fourteen (14) days before the Pretrial Conference**, the parties shall file:

  i. written objections, pursuant to Fed. R. Civ. P. 26(a)(3), to the lists of witnesses and exhibits previously filed by any other party. Objections not so disclosed, other than objections under Rules 402 and 403 of the Federal Rules of Evidence, **shall be deemed waived unless excused by the court for good cause shown**;

  ii. responses to any other party's motion *in limine*; and

      iii. responses to any other party's motion for a ruling on any objection made in an evidentiary deposition.

  c) At the Pretrial Conference, counsel for the parties shall be prepared to:

      i. discuss and make possible stipulations of admissibility, or threshold foundation requirements for admissibility of exhibits, including authenticity; discuss and make stipulations of fact or law which would expedite the trial of this action;

      ii. disclose any demonstrative or summary exhibits intended for use at trial;

      iii. display to the court all exhibits intended to be used at trial, which shall already be pre-marked in accordance with Local Rule. Counsel shall provide the court with a copy of all documentary exhibits. **Failure to disclose exhibits to the Court and to opposing counsel at the Pretrial Conference shall be subject to sanctions unless good cause is shown**;

      iv. discuss the possibility of settlement; and

      v. advise the Court of anticipated technological issues that may arise at trial.

  d) The Pretrial Conference shall be attended by all attorneys who will be trying the case along with the parties and/or representatives.

(6) **Trial.** This action is hereby set for a jury trial on **July 26, 2022 at 9:30 a.m.** at the Gene Snyder United States Courthouse, Louisville, Kentucky. Counsel should be present in the courtroom by 9:00 a.m. The anticipated length of trial is 7 days.

(7)     **Discovery Disputes**. Pursuant to Local Rule 37.1, prior to filing a discovery motion (i.e., motion to compel, motion for sanctions etc.), all counsel must make a good faith effort to resolve extra judicially any dispute relating to discovery. No motion pertaining to discovery may be filed without first having a joint telephonic conference with Magistrate Judge Edwards arranged through her chambers.

(8)     **Deadline Extensions. No extensions of the deadlines set in this order, or those contained in the separate pretrial conference order also entered this date shall be granted unless an appropriate motion is filed prior to expiration of the deadline in question, and upon a showing of good cause beyond the control of counsel in the exercise of due diligence**.

(9)     A telephonic status conference is scheduled for **September 9, 2020 at 11:15 a.m.** before the Honorable Regina S. Edwards, United States Magistrate Judge. The Court will initiate the call.

Date: June 12, 2020        **ENTERED BY ORDER OF THE COURT**

**REGINA S. EDWARDS
UNITED STATES MAGISTRATE JUDGE
VANESSA L. ARMSTRONG, CLERK
By:  *Ashley Henry*, Deputy Clerk**

Copies to:        Counsel
                  Jury Administrator

Court Time:       00/10